UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>RICOH AMERICAS CORPORATION,<br><br>        Defendant. | Civil Action No. 2:15-cv-1631<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT RICOH AMERICAS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

COMES NOW Defendant Ricoh Americas Corporation ("Ricoh"), by and through its undersigned counsel, and hereby submits its Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement filed by Plaintiff Display Technologies, LLC ("Display Technologies").

**PARTIES**

1. Ricoh lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies all such allegations.

2. Ricoh admits the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Ricoh admits that because Display Technologies alleges that this action arises under the patent laws of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

4. Ricoh does not contest that venue in this District is permissible under 28 U.S.C. §§ 1391 and 1400 for purposes of this action and the counterclaims set forth herein, but specifically denies that the Eastern District of Texas is the most convenient forum for the parties and witnesses. Ricoh admits that it has transacted business in this District, but denies that it has committed and/or induced any acts of infringement within this District or otherwise.

5. Ricoh admits that it sells products and/or solicits customers within the United States, the State of Texas, and the Eastern District of Texas and, therefore, does not contest that it is subject to this Court's personal jurisdiction. Ricoh denies that it has committed any acts of infringement within the State of Texas, the Eastern District of Texas, or otherwise. Ricoh denies the remaining allegations of Paragraph 5 of the Complaint.

## U.S. Patent No. 8,671,195

6. Ricoh admits that U.S. Patent No. 8,671,195 (the "'195 Patent") is entitled "Digital Media Communication Protocol" and was issued on March 11, 2014, but denies that the '195 Patent is valid and was duly and legally issued. Ricoh further admits that Exhibit A to the Complaint purports to be a true and correct copy of the '195 Patent. Ricoh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 6 of the Complaint and, therefore, denies all such allegations.

7. Ricoh admits that the face of the '195 Patent lists Leigh M. Rothschild as the inventor of the '195 Patent, but Ricoh lacks knowledge or information sufficient to form a belief about the truth of this statement and, therefore, denies all such allegations.

8. Ricoh lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies all such allegations.

## COUNT I
### (Infringement of U.S. Patent No. 8,671,195)

9. Ricoh denies that it infringes the '195 Patent and, therefore, denies all allegations of Paragraph 9 of the Complaint.

10. Ricoh denies that it infringes the '195 Patent and, therefore, denies all allegations of Paragraph 10 of the Complaint.

11. Ricoh denies the allegations of Paragraph 11 of the Complaint.

12. Ricoh denies the allegations of Paragraph 12 of the Complaint.

## PRAYER FOR RELIEF

Ricoh denies all other allegations of the Complaint not otherwise specifically admitted herein. Ricoh similarly denies that Display Technologies is entitled to any relief against Ricoh.

## JURY DEMAND

Ricoh admits that Display Technologies requests a trial by jury. Ricoh similarly requests a trial by jury.

## AFFIRMATIVE DEFENSES

Ricoh incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. By asserting these defenses, Ricoh does not admit or acknowledge that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Ricoh reserves the right to amend this Answer with additional defenses and/or supplement its existing defenses as further information becomes available through discovery.

**FIRST DEFENSE**

One or more claims of the '195 Patent are invalid pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the rules, regulations, and laws pertaining thereto.

**SECOND DEFENSE**

Display Technologies' right to seek damages is limited, including without limitation by 35 U.S.C. § 287.

**THIRD DEFENSE/RESERVATION OF RIGHTS**

Ricoh is investigating the facts relating to the procurement of the '195 Patent and the assertion of infringement against Ricoh, and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any improprieties in connection with such matters, Ricoh reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate

**COUNTERCLAIMS**

**THE PARTIES**

1. Defendant and Counterclaimant Ricoh Americas Corporation ("Ricoh") is a Delaware corporation with its principal place of business at 70 Valley Stream Parkway, Malvern, Pennsylvania  19355.

2. Upon information and belief, based upon the allegations made in the Complaint, Plaintiff and Counterclaim-Defendant Display Technologies, LLC ("Display Technologies") is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

4. This Court has personal jurisdiction over Display Technologies, which has availed itself of this Court by bringing claims of alleged infringement of U.S. Patent No. 8,671,195 (the "'195 Patent").

5. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), although this District may not be the most convenient forum for the parties and witnesses.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

6. Ricoh repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

7. Display Technologies has brought a patent infringement action against Ricoh.

8. Display Technologies has alleged that it is the owner by assignment of the '195 Patent with the exclusive right to sue for infringement and recover past damages.

9. Display Technologies has alleged and continues to allege that Ricoh infringes the '195 Patent.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Display Technologies and Ricoh concerning whether Ricoh has infringed and is infringing the '195 Patent.

11. Ricoh does not infringe the '195 Patent.

12. By virtue of the foregoing, Ricoh desires a judicial determination of its rights and duties with respect to the alleged infringement of the '195 Patent.

13. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNTERCLAIM
### (Declaration of Patent Invalidity)

14. Ricoh repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

15. Display Technologies has brought a patent infringement action against Ricoh.

16. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Display Technologies and Ricoh regarding the invalidity of the claims of the '195 Patent.

17. The claims of the '195 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or the rules, regulations, and law pertaining thereto.

18. By virtue of the foregoing, Ricoh desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '195 Patent.

19. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## JURY DEMAND

Ricoh demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Display Technologies' Complaint and having asserted Affirmative Defenses and Counterclaims, Ricoh prays for judgment as follows:

A. That this Court fully and finally dismiss Display Technologies' claims against Ricoh and order that Display Technologies take nothing from Ricoh;

B. That this Court enter judgment and/or declarations that Ricoh does not infringe the '195 Patent and that the '195 Patent is invalid and unenforceable against Ricoh;

C. That the Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Ricoh its attorneys' fees and prejudgment interest;

D. That this Court award Ricoh all of its costs of this action; and

E. That this Court grant Ricoh such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 15th day of December, 2015.

           **DUANE MORRIS, LLP**

*/s/ Matthew C. Gaudet*
Matthew C. Gaudet
(Georgia Bar No. 287789)
John R. Gibson
(Georgia Bar No. 454507)
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Office: (404) 253-6900
E-mail: mcgaudet@duanemorris.com
E-mail: jrgibson@duanemorris.com

***ATTORNEYS FOR DEFENDANT RICOH AMERICAS CORPORATION***

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2015, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

/s/ Matthew C. Gaudet  
Matthew C. Gaudet